ACCELERATED DOCKET JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
Defendant-appellant Jesse Williams, Sr. appeals from the sentence imposed upon him following the trial court's acceptance of appellant's plea of guilty to possession of crack cocaine in an amount of one gram or less.
In his assignment of error, appellant asserts the trial court failed to make the requisite findings prior to imposing the maximum term of incarceration for the offense.
Appellant's assignment of error is overruled on the basis of the supreme court's reasoning as expressed in State v. Arnett (2000),88 Ohio St.3d 208 at 214-215, and this court's decisions as set forth in State v. Trembly (2000), 137 Ohio App.3d 134; State v. Ayala (Dec. 16, 1999), Cuyahoga App. No. 75207, unreported (discretionary appeal not allowed [2000], 88 Ohio St.3d 1480); and State v. Cruz (Jan. 27, 2000), Cuyahoga App. No. 75723, unreported.
In State v. Arnett, supra, even though the use of the word unless in the sentencing portion of the rape statute pursuant to which the defendant was convicted indicated the trial court need not have considered the seriousness and recidivism factors prior to imposing sentence, the trial court's comments displayed both its proper consideration of a relevant societal interest and its discretionary decision to assign a heavier weight to that interest.
Similarly, drug offenses are treated differently in the sentencing statutes, and the trial court has the discretion to consider both the weight to be given to each sentencing factor and the existence of other "factors that are relevant to achieving [the] purposes and principles of sentencing. R.C. 2929.12(A); State v. Trembly, supra.
In this case, in view of appellant's lengthy criminal record and failure to obtain treatment for his drug problem, the trial court acted within its discretion in imposing sentence. R.C. 2929.12(D)(3), (4); R.C. 2929.13(C).
Since the record affirmatively supports the trial court's decision to impose the maximum term for appellant's offense, appellant's assignment of error is overruled. R.C. 2953.08(G)(1); State v. Trembly, supra.
Appellant's conviction and sentence are affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________ KENNETH A. ROCCO, J.: