OPINION
{¶ 1} Randy Barnett is appealing the judgment of the Montgomery County Common Pleas Court which found him guilty of possession of crack cocaine.
{¶ 2} On July 12, 2001, police officers executed a warrant for 4600 Oakridge Drive in Dayton, Ohio. The warrant had stemmed from police investigation and a reliable confidential informant which indicated illegal drug sales were occurring at the residence. Officer Stapleton, who was sitting in an unmarked car, observed four individuals on the porch of the residence and additional persons standing in the front yard. Officer Stapleton also observed what he believed were drug sales. Officer Stapleton radioed to the raid team to move in and execute the search warrant.
{¶ 3} Officer Braun was a member of the raid team and a police officer for five years. Officer Braun observed Mr. Barnett standing in the front door of the residence, next to a speaker. No other person was near him. Officer Braun shined his flashlight at the front door of the residence and ordered Mr. Barnett to get on the ground. Officer Braun observed Mr. Barnett move towards the speaker, put his hand behind it, take two steps forward, and lay down on the porch. Officer Braun believed that Mr. Barnett had dropped something behind the speaker. Officer Braun first checked to make sure no one else was in the house and then looked behind the speaker. Behind the speaker, Officer Braun observed what appeared to be a baggie of crack cocaine.
{¶ 4} The raid team made a request for assistance and Officer Kowalski, a narcotics detective, went to the front yard of the residence. At Officer Braun's request, Officer Kowalski looked behind the speaker on the porch, where he found and recovered a plastic baggie containing crack cocaine. Officer Kowalski took the baggie to Officer Larremore, who performed a field test on the substance in the plastic baggie, which tested positive for crack cocaine. Additionally, a forensic chemist at the Miami Valley Regional Crime Laboratory, performed three separate tests on the substance, all of which confirmed that the substance recovered was crack cocaine.
{¶ 5} On July 17, 2001, Mr. Barnett was indicted on a charge of possession of crack cocaine, a felony of the second degree. A trial was held and a jury found Mr. Barnett guilty of the charge. On January 2, 2002, Mr. Barnett was sentenced to a prison term of two years. Mr. Barnett has filed this appeal from the conviction.
{¶ 6} Mr. Barnett raises the following two assignments of error:
{¶ 7} "1. THE TRIAL COURT ERRED IN CONVICTING APPELLANT OF POSSESSING CRACK COCAINE AS THERE WAS INSUFFICIENT EVIDENCE THAT APPELLANT POSSESSED ANY CONTROLLED SUBSTANCE.
{¶ 8} "2. APPELLANT'S CONVICTION FOR POSSESSION OF COCAINE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant's first assignment of error:
{¶ 9} Mr. Barnett argues that the evidence was insufficient to sustain his conviction because the residence had several people present at the time and no one saw Mr. Barnett with the crack cocaine on him. We disagree.
{¶ 10} In reviewing a challenge to the sufficiency of the evidence, we must determine whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the state had proven the essential elements of the crime beyond a reasonable doubt. See State v. Jenks (1991), 61 Ohio St.3d 259,273, 574 N.E.2d 492.
{¶ 11} The Ohio Supreme Court has held that possession may be actual or constructive. State v. Haynes (1971), 25 Ohio St.2d 264, 54 O.O.2d 379. In order to establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. State v. Wolery (1976), 46 Ohio St.2d 316, 326, 75 O.O.2d 366. The State may prove dominion and control solely through circumstantial evidence. State v. Trembly (2000), 137 Ohio App.3d 134,141. "Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may show constructive possession." Id.
{¶ 12} In the instant case, Officer Braun observed Mr. Barnett standing on the porch away from anyone else with his arms up and one of his hands cupped. (Tr. 170-71, 173). When ordered by Officer Braun to get on the ground, Mr. Barnett moved towards the speaker and placed his hand behind the speaker on the porch. (Tr. 171-173). Then, Mr. Barnett took two steps forward and lay down on the porch. (Id.) After removing his hand from behind the speaker, Mr. Barnett's hand was no longer cupped. (Id.) When Officer Braun looked behind the speaker he saw a plastic baggie of crack cocaine. Even though Mr. Barnett was not found with crack cocaine actually on his person, the contraband was found in close proximity to him and under circumstances which tend to indicate he had just placed it there. We cannot say that a rational trier of fact could not have found from the evidence that the essential elements of the offense of drug possession were proven beyond a reasonable doubt. Therefore, Mr. Barnett's first assignment of error is without merit and is overruled.
Appellant's second assignment of error:
{¶ 13} Mr. Barnett argues that his conviction was against the manifest weight of the evidence. We disagree.
{¶ 14} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541, citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 175.
{¶ 15} As stated in the previous assignment of error, Officer Braun observed Mr. Barnett standing on the porch away from any other persons with his hand cupped. Then when ordered to get on the ground, Officer Braun observed Mr. Barnett put his cupped hand behind a speaker on the porch, remove his hand uncupped, then step forward, and lie on the ground. Subsequently, Officer Braun looked behind the speaker and observed a plastic baggie of crack cocaine. Based on this evidence, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice by convicting Mr. Barnett of possession of crack cocaine. Mr. Barnett's second assignment of error is without merit and is overruled.
{¶ 16} The judgment of the trial court is affirmed.
WOLFF, P.J. and BROGAN, J., concur.