JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Sonya Jackson, has filed an application for reopening pursuant to App.R. 26(B). She is attempting to reopen the appellate judgment that was rendered by this court in State v. Jackson
(Jan 20, 2000), Cuyahoga App. No. 75354. In that opinion, we affirmed her conviction for aggravated murder. On September 9, 2002, the State of Ohio, through the Cuyahoga County Prosecutor's Office, filed their brief in opposition of application for reopening. For the following reasons, we decline to reopen Jackson's appeal.
 {¶ 2} As mandated by App.R. 26(B)(2)(b), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment. Statev. Cooey (1995), 73 Ohio St.3d 411, 653 N.E.2d 252; State v. Reddick
(1995), 72 Ohio St.3d 88, 647 N.E.2d 784.
 {¶ 3} Here, Jackson is attempting to reopen the appellate judgment that was journalized on January 31, 2000. She did not file this on the application for reopening until August 23, 2002, more than two years after journalization of the appellate judgement in State v. Jackson, supra. Thus the application is untimely on its face. Jackson failed, furthermore, to establish a "showing of good cause" for the untimely filing of her application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481, 634 N.E.2d 1027; Statev. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317, 649 N.E.2d 1226.
 {¶ 4} Likewise, Jackson failed to comply with App.R. 26(B)(2) which provides, in part:
 {¶ 5} "An application for reopening shall contain all of the following:
 {¶ 6} "* * *
 {¶ 7} "(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(C) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and reference to the record * * *."
 {¶ 8} Jackson's application for reopening does not include a sworn statement. "The absence of a sworn statement in the form of an affidavit is fatally defective." State v. Tembly (2000), 137 Ohio App.3d 134,738 N.E.2d 93, reopening disallowed (Oct. 30, 2000), Motion No. 16908, citing State v. Fussell (June 1, 1999), Cuyahoga App. No. 73713, reopening disallowed (Dec. 17, 1999), Motion No. 09186. Jackson's failure to comply with App.R. 26(B)(2) is a sufficient basis for denying the application for reopening.
 {¶ 9} The doctrine of res judicata also prohibits this court from reopening the original appeal. Errors of law that either were raised or could have been raised through a direct appeal may be barred from further review because of the doctrine of res judicata. See, generally, State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 10} In the case at bar, Jackson possessed a prior opportunity, through an appeal to the Supreme Court of Ohio, to raise and argue the claim of ineffective assistance of appellate counsel. Jackson, however, did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994),70 Ohio St.3d 1408, 637 N.E.2d 6. We further find that the application of res judicata in this matter would not be unjust.
 {¶ 11} We also deny the application on the merits. Having reviewed the assignments of error, we find that Jackson failed to demonstrate that her appellate attorney was ineffective. In order for this court to grant the application for reopening, Jackson must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 {¶ 12} The Supreme Court of Ohio has explained:
 {¶ 13} "In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey
(1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696."
 {¶ 14} To establish such a claim, Jackson must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. In her application to reopen, Jackson proposes the following six assignments of error: 1) Defendant's trial attorney failed to subpoena crucial witnesses, who would substantiate her defense of self-defense, and the attorney had prior knowledge of these witnesses' names; 2) Defendant's trial attorney had prior knowledge of her consultation with Linda Hammond, the counselor at the Witness and Victim Center, to substantiate her defense under the Battered Woman Syndrome; 3) Defendant's trial attorney limited his investigation to one theory; 4) Defendant's trial attorney failed in his duty to file a motion for criminal investigation, because an aggravated offense carries the sentence of death, which sentence requires that she be afforded every opportunity to defend herself; 5) Defendant's trial attorney failed to bring into focus the violent background history of the deceased; and 6) Defendant's trial attorney's lack of preparation for trial and his advice for speedy trial prejudiced her defense.
 {¶ 15} Jackson fails to present, however, any substantive argument or authority to support her assignments of error. "Merely asserting error is not sufficient for applicant to demonstrate" both that "counsel's performance was deficient and that the deficient performance prejudiced him." State v. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, reopening disallowed (June 21, 2000), Motion No. 12367. See also State v. Creasey
(Nov 23, 1994), Cuyahoga App. Nos. 65717 and 65718, reopening disallowed (Aug. 29, 2001), Motion No. 24781.
 {¶ 16} Accordingly, the application to reopen is denied.
TIMOTHY E. McMONAGLE, A.J., and ANN DYKE, J., CONCUR.