The STATE of Ohio, Appellee,

v.

TREMBLY, Appellant.

[Cite as *State v. Trembly* (2000), 137 Ohio App.3d 134.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75996.

Decided March 27, 2000.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Aaron Phillips,* Assistant Prosecuting Attorney, for appellee.

*Charles M. Morgan, Jr.,* for appellant.

MICHAEL J. CORRIGAN, Judge.

William Trembly, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, case No. CR–368118, in which he was convicted by a jury of the offense of drug possession. Appellant assigns four errors for this court's review.

For the following reasons, defendant-appellant's appeal is not well taken.

On October 6, 1998, the Cuyahoga County Grand jury returned a single-count indictment charging appellant with drug possession in violation of R.C. 2925.11, a

felony of the fifth degree. The indictment arose out of appellant's August 21, 1998 arrest for allegedly smoking crack cocaine in his vehicle with two other individuals while under observation by a number of undercover Cleveland police officers. On November 4, 1998, appellant was arraigned, whereupon he entered a plea of not guilty to the indicted offense.

A jury trial commenced on January 4, 1999. The first witness for the state was Detective Brian Heffernan, a twelve-year veteran of the Cleveland Police Department. Det. Heffernan testified that on August 21, 1998, he received a complaint that drug activity was occurring at 3106 Archwood Avenue in Cleveland, Ohio. Det. Heffernan proceeded to the scene and observed an arrest of a number of individuals, including appellant, already in progress. Det. Heffernan stated that he inspected a metal container recovered at the scene which contained a small quantity of crack cocaine. On cross-examination, Det. Heffernan admitted that he did not see appellant in actual possession of the crack cocaine.

The second witness for the state was Det. Bernard Norman, a thirteen-year veteran of the Cleveland Police Department. Det. Norman testified that on August 21, 1998, he responded to a drug complaint at 3106 Archwood Avenue in an unmarked police vehicle. Once at the scene, Det. Norman observed the occupants of a parked vehicle "holding something to their mouth and using a lighter to light it." Det. Norman positively identified a crack pipe discovered in the back of appellant's vehicle.

The third witness for the state was Detective Neil Hutchinson, a nine-year veteran of the Cleveland Police Department. Det. Hutchinson, who also responded to the drug complaint at 3106 Archwood Avenue on August 21, 1998, identified appellant as the driver of the vehicle in which all occupants were observed smoking what appeared to be crack cocaine. After all of the occupants were taken into custody, Det. Hutchinson searched the vehicle and discovered a crack pipe behind the driver's seat where appellant had been seated.

The fourth witness for the state was Scott Miller, an employee of the Cleveland Police Department's Scientific Investigations Unit for the last nine and one-half years. Miller testified that the pipe recovered from the back seat of appellant's vehicle was found to contain cocaine residue in two separate tests conducted by the SIU.

The fifth and final witness for the state was Detective Michael Rinkus, a seven-year veteran of the Cleveland Police Department. Det. Rinkus testified that he too responded to the drug complaint at 3106 Archwood Avenue on the night of August 21, 1998. While participating in the arrest, Det. Rinkus stated that he discovered a crack pipe that contained cocaine residue in the purse of one of the female occupants of the appellant's vehicle. Accordingly, the evidence bag was marked with the female suspect's name.

Thereafter, the state rested its case. Appellant then moved for judgment of acquittal pursuant to Crim.R. 29. The trial court denied the motion. The defense then rested.

On January 5, 1999, the jury returned a verdict of guilty as to the single count of drug possession in violation of R.C. 2925.11. The trial court denied appellant's request for a presentence investigation and report and immediately sentenced him to the maximum term of twelve months incarceration. In addition, the trial court ordered appellant to repay Cuyahoga County the cost of assigned counsel through the assessment of a $500 fine. The trial court then, after finding appellant indigent for purposes of appeal, appointed appellate counsel at state's expense.

It is from this judgment that appellant now appeals.

Appellant's first assignment of error states:

"I. The evidence is insufficient, as a matter of law, to convict appellant of the crime of possession of drugs, R.C. 2925.11."

Appellant's second assignment of error states:

"II. The verdict is against the manifest weight of the evidence when there is no substantial evidence upon which a trier of fact could reasonably conclude that the elements of the offense has been proven beyond a reasonable doubt."

Because they have a common basis in both law and fact, this court shall consider appellant's first and second assignments of error simultaneously. Appellant argues, through his first and second assignments of error, that his conviction of the offense of drug possession was against both the sufficiency and weight of the evidence. Specifically, appellant maintains that the state failed to present evidence to satisfy the elements of both actual as well as constructive possession. It is appellant's position that the evidence demonstrated only that the crack cocaine in question was in an area readily accessible to all four individuals in appellant's vehicle at the time of the arrest. He maintains that, without further evidence, the essential element of possession was not established.

In *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court reexamined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven

beyond a reasonable doubt. (*Jackson v. Virginia* [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" *State v. Jenks, supra,* paragraph two of the syllabus.

More recently, in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546, the Ohio Supreme Court stated the following with regard to the "sufficiency" as opposed to the "manifest weight" of the evidence:

"With respect to sufficiency of the evidence, ' "sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed.1990) 1433. See, also, Crim.R. 29(A)(motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain the conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v.. Florida* (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed:2d 560."

A judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case. *Cohen v. Lamko, Inc.* (1984), 10 Ohio St.3d 167, 10 OBR 500, 462 N.E.2d 407. Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. *State v. Nicely* (1988), 39 Ohio St.3d 147, 529 N.E.2d 1236. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212.

*State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The *Martin* court stated:

"There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all the reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * * See

*Tibbs v. Florida* (1982), 457 U.S. 31, 38, 42 [102 S.Ct. 2211, 2216, 2218, 72 L.Ed.2d 652, 658–659, 661–662]."

■ Section 3(B)(3), Article IV of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and to determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." *State ex rel. Squire v. Cleveland* (1948), 150 Ohio St. 303, 345, 38 O.O. 161, 177, 82 N.E.2d 709, 729.

■ The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard used when considering a claim based upon the sufficiency of the evidence. The United States Supreme Court recognized these distinctions in *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652, where it determined that, unlike a reversal based upon insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, *i.e.,* invocation of the Double Jeopardy Clause as a bar to relitigation. *Id.* at 43, 102 S.Ct. at 2218–2219, 72 L.Ed.2d at 662. Additionally, only a concurring majority of an appellate panel is needed to reverse a judgment based upon the sufficiency of the evidence as opposed to the unanimous concurrence of all three appellate judges necessary for a reversal based upon the manifest weight of the evidence. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546.

■ An appellate court does not and cannot sit as the "thirteenth juror" when reviewing a claim based upon the weight of the evidence. Rather, we must accord due deference to the credibility determinations made by the trier of fact. See *State v. DeHass, supra.* As this court has previously stated in *State v. Thompson* (1998), 127 Ohio App.3d 511, 713 N.E.2d 456:

"The fact-finder, being the jury (in this case) or the trial judge (in a waiver), occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor."

R.C. 2925.11, Ohio's drug possession statute, provides:

"(A) No person shall knowingly obtain, possess, or *use* a controlled substance."

R.C. 2925.01(K) defines possession as follows:

" 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

Possession may be actual or constructive. *State v. Haynes* (1971), 25 Ohio St.2d 264, 54 O.O.2d 379, 267 N.E.2d 787; *State v. Hankerson* (1982), 70 Ohio St.2d 87, 24 O.O.3d 155, 434 N.E.2d 1362, syllabus. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery* (1976), 46 Ohio St.2d 316, 332, 75 O.O.2d 366, 348 N.E.2d 351. Dominion and control may be proven by circumstantial evidence alone. *State v. Taylor* (1997), 78 Ohio St.3d 15, 676 N.E.2d 82. Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may show constructive possession. *State v. Barr* (1993), 86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247–248; *Wolery, supra;* *State v. Bell* (May 14, 1998), Cuyahoga App. No. 72691, unreported, 1998 WL 241955.

In the case herein, viewing the evidence presented in a light most favorable to the prosecution, the testimony of Detectives Norman, Hutchinson and Rinkus supports the determination by the jury that appellant did, in fact, constructively possess crack cocaine at the time of his arrest on August 21, 1998. A review of the record demonstrates that the state established that appellant exercised both dominion and control over the crack cocaine and the automobile in which the crack cocaine was discovered. Det. Norman stated that he observed appellant holding something to his mouth and using a lighter to light it. R.C. 2925.11 provides that no one shall knowingly obtain, possess, or *use* a controlled substance. The prohibitions are in the disjunctive. The thrust of the state's position and the appellant's appeal centers on constructive possession. Viable inferences are present on the *use* aspect. A subsequent search of the car produced a crack pipe behind appellant's seat with cocaine residue in the pipe. Clearly, the state established that the crack cocaine and the crack pipe with cocaine residue were within arm's length of appellant at the time of the search of his vehicle. Under the circumstances presented herein, any rational trier of fact could have found from the evidence presented that the essential elements of the offense of drug possession were proven beyond a reasonable doubt. *State v. Lundy* (June 25, 1998), Cuyahoga App. No. 71849, unreported, 1998 WL 338077; *State v. Jimenez* (Nov. 25, 1998), Cuyahoga App. No. 73804, unreported, 1998 WL 827607.

Since the weight to be given the evidence and the credibility of the witnesses are primarily matters for the finder of fact to determine and that it is not the function of the appellate court to substitute its judgment for that of the fact-

finder, *State v. Grant* (1993), 67 Ohio St.3d 465, 620 N.E.2d 50; *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 616 N.E.2d 909, this court cannot now say that the underlying jury verdict is against the manifest weight of the evidence. A review of the record demonstrates that the jury did not lose its way and create a manifest miscarriage of justice by finding appellant guilty of drug possession in violation of R.C. 2925.11. Appellant's conviction was supported by substantial credible evidence upon which the trier of fact could reasonably conclude that appellant was guilty of the indicted offense. *State v. Powell* (1993), 87 Ohio App.3d 157, 168, 621 N.E.2d 1328.

Accordingly, appellant's first and second assignments of error are not well taken.

Appellant's third assignment of error states:

"III. The trial court erred in imposing the maximum sentence pursuant to R.C. 2929.14(C) where it did not explicitly or implicitly find that the appellant committed the worst form of the offense or that the appellant posed the greatest likelihood of committing future crimes."

Appellant argues, through his third assignment of error, that the trial court improperly imposed the maximum sentence without making the required findings that appellant committed the worst form of the offense or that he was likely to be a repeat offender as set forth in R.C. 2929.14. It is appellant's position that, in the absence of such findings, the maximum sentence could not be imposed.

Pursuant to Senate Bill 2, an appellate court must review a trial court's sentencing determination and the trial court's reasons for imposing the maximum sentence. *State v. Banks* (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported, 1997 WL 723309. Prior to Senate Bill 2, a silent record was construed by appellate courts to support the inference that the trial court considered all necessary factors in sentencing a defendant. Now, however, R.C. 2953.08(G)(1) requires the record to affirmatively support the trial court's sentence. Accordingly, the trial court must make a finding that supports its reasons for imposing the maximum sentence for a single offense. *Id.* The trial court is not required to utter any "magic" or "talismanic" words, but it must be clear from the record that the court made the required findings. See *State v. Stribling* (Dec. 10, 1998), Cuyahoga App. No. 74715, unreported, 1998 WL 855598. R.C. 2929.14(C) sets forth the circumstances under which a maximum sentence should be imposed on a felony offense. The statute provides:

"Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense,

upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."

Therefore, pursuant to the above-referenced statute, in order to impose the maximum sentence there must be a finding on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood of recidivism. *Banks, supra; State v. Beasley* (June 11, 1998), Cuyahoga App. No. 72853, unreported, 1998 WL 308102. However, this court has recently determined that the plain language of the above-quoted Revised Code section specifically excludes drug offenses under R.C. Chapter 2925 from the requirements of R.C. 2929.14(B) and (C). See *State v. Lewis* (Jan. 21, 1999), Cuyahoga App. No. 74924, unreported, 1999 WL 35330; *State v. Ayala* (Dec. 16, 1999), Cuyahoga App. No. 75207, unreported, 1999 WL 1204863; and *State v. Cruz* (Jan. 27, 2000), Cuyahoga App. No. 75723, unreported, 2000 WL 86291.

In the case *sub judice*, a review of the sentencing transcript reveals the following statement by the trial court:

"You're relatively young, but you've got an extensive involvement with the criminal law for very serious offenses. I think its indicative of how you wish to conduct your life and that you're apparently homeless and you choose to ride around with drunks and whores and drug addicts. You're driving drunk yourself. People like you make neighborhoods unfit for decent people to live in.

"I find that your conduct in this particular case, coupled with your past record, calls for the more stringent sentence in this matter. You're sentenced to twelve months at Lorain Correctional Institute."

While the trial court did touch upon a number of reasons for the ultimate sentence in this case, *i.e.*, extensive criminal record, history of illegal drug use, it is apparent that the trial court failed to make the explicit findings required by R.C. 2929.14(C) for imposition of the maximum sentence. Specifically, the trial court failed to find that (1) appellant committed the worst form of the crime of drug possession, or (2) appellant posed the greatest likelihood of committing future crimes. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131; *State v. Brooks* (Nov. 5, 1998), Cuyahoga App. No. 74382, unreported, 1998 WL 775006. However, a review of the record clearly demonstrates that appellant was convicted of a violation of R.C. 2925.11, drug possession, as contained in R.C. Chapter 2925. In light of this court's recent holdings in *Lewis, Ayala* and *Cruz,* the trial court was not required to make such findings when sentencing appellant to the maximum sentence for a drug offense under R.C. 2925. For the foregoing reasons, the trial court's imposition of the maximum sentence in this instance was not improper.

Appellant's third assignment of error is not well taken.

Appellant's fourth and final assignment of error states:

"IV. The trial court abused its discretion when it ordered an indigent to pay for assigned counsel in the case at bar."

Appellant argues that the trial court improperly ordered that he repay Cuyahoga County the cost of assigned counsel. The trial court did so by assessing a $500 fine. It is appellant's position that, since he was determined to be indigent at the time of the arraignment and no information was revealed during the trial court proceedings to demonstrate a change in his indigency status, the trial court abused its discretion by imposing the cost of assigned counsel. Appellant maintains that the trial court's abuse of discretion is further highlighted by the fact that moments after assessing costs of assigned trial counsel, the trial court determined that appellant was indigent for purposes of appeal and subsequently appointed appellate counsel at state's expense.

R.C. 120.33(A)(4) addresses the county-appointed counsel system and states:

"The fees and expenses approved by the court shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or *may reasonably be expected to have*, the means to meet some part of the cost of the services rendered to him, he shall reimburse the county in an amount that he reasonably can be expected to pay." (Emphasis added.)

The trial court may, as a condition of probation, order a criminal defendant to pay fees of a court-appointed attorney under R.C. 2951.02(C). *State v. McLean* (1993), 87 Ohio App.3d 392, 622 N.E.2d 402. In certain circumstances, even without probation, the trial court may order a defendant to pay attorney fees under R.C. 2941.51(D). See *State v. Watkins* (1994), 96 Ohio App.3d 195, 198, 644 N.E.2d 1049, 1050. That statute provides that attorney fees may be assessed if "the person represented has, or reasonably may be expected to have the means to meet some part of the cost of the services rendered to him." R.C. 2941.51(D); *State v. White* (Apr. 21, 1998), Crawford App. Nos. 3–97–18 and 3–97–19, unreported, 1998 WL 229785. The trial court must then enter a separate civil judgment for the attorney fees or any part thereof that the court finds the defendant has the ability to repay. *White, supra, Galion v. Martin* (Dec. 12, 1991), Crawford App. No. 3–91–6, unreported, 1991 WL 261835. The trial court's decision to order a defendant to pay the fees of a court-appointed attorney is subject to an abuse of discretion standard of review. An abuse-of-discretion connotes more than an error in law or judgment: it implies that the attitude of the trial court is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140,

1142; *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 149.

In the case *sub judice,* a review of the record demonstrates that the trial court did not impose the attorney fees as a condition of probation; however, the trial court did make an implicit finding that appellant had the ability to pay all or some part of the cost of the legal services rendered. At the time of the hearing, appellant offered no evidence contrary to the trial court's implicit finding and made no objection during the sentencing proceedings. The assessment of attorney fees is analogous to a restitution order. Purported indigency does not affect assessment though it may affect collection. This court finds nothing in the record to indicate that the trial court's attitude was unreasonable, arbitrary of unconscionable. Rather, the record reflects that the trial court considered appellant's circumstances by allowing an open-ended period for repayment. Accordingly, the trial court's order directing repayment of court-appointed attorney fees was not improper in this instance. *State v. Baisden* (May 28, 1991), Jackson App. No. 612, unreported, 1991 WL 99630.

Appellant's fourth and final assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SPELLACY, P.J., and PATRICIA A. BLACKMON, J., concur.