DECISION
Noel Harris, defendant-appellant, appeals his conviction entered upon a jury verdict in the Franklin County Court of Common Pleas for possession of cocaine, a violation of R.C. 2925.11.
On May 8, 1999, Officer Lawrence Gauthney with the Columbus Police Department was working special duty at the Cross Country Inn located in Columbus, Ohio, patrolling the parking lot. At approximately 10:45 p.m., Gauthney noticed a vehicle with two occupants "just sitting there." Gauthney approached the vehicle, shined his flashlight into the interior of the vehicle, and asked the driver "what was going on." Gauthney testified that as "soon as I asked what was going on, they started fiddling around, moving their hands real fast." The driver of the vehicle, later identified as Michelle Locurto, put her hands on the steering wheel. The passenger, later identified as appellant, put his hands on the dashboard.
Gauthney testified that as he was talking to Locurto, he noticed appellant kept trying to move his hands away from the dashboard. Gauthney asked them if they had a room at the hotel, in which they responded they did not. Gauthney walked over to the passenger side of the vehicle and began asking appellant some questions. Gauthney stated "[w]hen I was asking him a question, I looked on his hand. I could see there was like pieces of crack cocaine residue on his hand, and I asked him about it. He got real defensive." Gauthney also testified that he saw crumbs or flakes of cocaine in appellant's lap.
Gauthney testified he then attempted to arrest appellant for possession of drugs by opening the passenger door and placing handcuffs on appellant. Appellant resisted the arrest, swinging an empty bottle of wine at Gauthney's head. Gauthney stated he ducked, dropped his flashlight, and punched appellant with his fists. Gauthney further testified that appellant "said he didn't want to go to jail, and he came towards me throwing punches." Gauthney, who testified that he had been a boxer since he was fourteen years old, punched appellant again. Appellant then tried to escape and Gauthney prevented his escape by tackling him. Officer David McGuire, also a police officer with the Columbus Police Department, testified that when he arrived at the hotel he saw appellant and Gauthney struggling on the ground. Officers McGuire and Jerry Ehrsam helped Gauthney arrest appellant.
On June 24, 1999, a grand jury indicted appellant for felonious assault and possession of cocaine. A jury trial was held by the trial court and on January 18, 2001, the jury found appellant guilty of possession of cocaine and not guilty of felonious assault. Appellant appeals his conviction and presents the following assignment of error:
 DEFENDANT-APPELLANT'S CONVICTION WAS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE, THUS DENYING HIM DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.
Appellant argues in his single assignment of error that insufficient evidence was presented to support his conviction. Appellant argues the testimony presented at his trial did not establish a sufficient evidentiary foundation as to whether he used, possessed, or obtained crack cocaine.
"Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict." State v. Smith (1997), 80 Ohio St.3d 89, 113, certiorari denied (1998),523 U.S. 1125, 118 S.Ct. 1811. "When reviewing a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, after viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Clemons (1998), 82 Ohio St.3d 438, 444, certiorari denied (1998), 525 U.S. 1077, 119 S.Ct. 816. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." Id. at 444.
Cocaine is a Schedule II controlled substance pursuant to R.C. 3719.41. R.C. 2925.11(A) states that no person "shall knowingly obtain, possess, or use a controlled substance." A person acts knowingly "when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Concerning possession:
 Possession may be actual or constructive. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. Dominion and control may be proven by circumstantial evidence alone. Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may show constructive possession. State v. Trembly (2000), 137 Ohio App.3d 134, 141. (Citations omitted.)
In the present case, appellant's possession of cocaine was established by the testimony of Gauthney. He testified he saw pieces of crack cocaine residue on appellant's hands and flakes of crack cocaine in appellant's lap. After appellant was arrested, small pieces of crack cocaine were found inside the vehicle. Gauthney testified that this was the same crack he saw on appellant's lap. Gauthney also testified the results of a field test on the substance established that it was cocaine. A crack pipe used to smoke crack cocaine was also found on the ground near the vehicle.
Additionally, appellant provided testimony that he had been using cocaine prior to his arrest. Appellant testified that at the hospital: "I told them I had some [cocaine] in my system. I did not state an amount." When asked if he had been using cocaine with Locurto, appellant answered "I had smoked some, yes." Appellant's explanation concerning the cocaine that was found in the vehicle was that it was Locurto's cocaine and not his cocaine. When the prosecution asked appellant about the hospital records and if they were correct in stating appellant tested positive for cocaine, appellant responded "[i]f that is what they say, I imagine so, yes."
After having reviewed the record in a light most favorable to the state, we find that a rational trier of fact could have found beyond a reasonable doubt that appellant violated R.C. 2925.11 by possessing and/or using cocaine. Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
TYACK and DESHLER, JJ., concur.