JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Glenn Mayer, appeals his jury conviction for possession of crack cocaine in violation of R.C. 2925.11. He was acquitted of preparation of drugs, in violation of R.C. 2925.07.
 {¶ 2} Defendant, a white male from North Royalton in his thirties, was in the driver's seat of his pickup truck, which was stopped in the middle of a two-lane residential street, just off West 130th and St. James. When a police car on the major street saw the truck sitting in the middle of the road, the police car made a left hand turn onto the street and approached the truck from behind. As the police came within ten feet of it, the truck sped away in excess of the speed limit.[1]
The police followed it and pulled it over.
 {¶ 3} After the driver could not produce his driver's license or insurance information, the police asked him and his passenger to step out of the truck. When the passenger, a 17-year-old male, exited from the passenger's side, one of the police noticed two small packets of a white substance between the passenger seat and the door sill of the truck. The police put both men into the squad car and proceeded to search the car. The police then found another two packets of the substance next to the transmission hump on the passenger's side. The police admitted that, without bending over, defendant-driver could not reach these two packets. They speculated, however, that he could have dropped them there from his extended arm while he was still in the proper driving position.
 {¶ 4} The trial court denied defendant's motion to suppress the evidence of the cocaine on the passenger's side of the transmission hump and proceeded with trial. The jury found defendant guilty of possession of crack cocaine in an amount less than one ounce, and he appealed.
 {¶ 5} Defendant states six assignments of error. Defendant's first assignment of error, however, is dispositive of the appeal:
"I. The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that Mr. Mayer was guilty of possession of drugs under R.C. 2925.11."
 {¶ 6} Defendant claims that because the drugs were all found on the passenger's side of the truck and were not in his reach as he drove, there was insufficient evidence to support his conviction for possession of the drugs. The state argues, on the other hand, that defendant had constructive possession of the cocaine because he was in control of the truck.
 {¶ 7} "To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. * * * Dominion and control may be proven by circumstantial evidence alone. * * * Circumstantial evidence that the defendant was located in very close proximity to readily usable drugsmay constitute constructive possession." State v. Trembly (2000),137 Ohio App.3d 134, 141.
 {¶ 8} The circumstances showing constructive possession, however, must show beyond a reasonable doubt that defendant had control even though the cocaine was not directly in his possession. As this court pointed out in State v. Duganitz (1991), 76 Ohio App.3d 363, "the circumstances, to have the effect of establishing an allegation of fact, must be such as to make the fact alleged appear more probable than anyother; the fact in issue must be the most natural inference from the facts proved * * *." Id. at 367, emphasis added.
 {¶ 9} In the case at bar, the cocaine alleged to have been in defendant's possession was found on the floor next to the transmission hump on the passenger's side of truck. Because the floor area next to the transmission hump in this truck is "fairly deep," the cocaine was neither visible to the driver nor within the reach of the driver while he was seated and driving. Defendant "would have to leave the driver's seat to reach down into the passenger area over the hump to get those two rocks." Tr. at 291. One officer agreed that "it would be impossible to actually operate the truck, keep your eyes on the road and to reach down into the passenger area * * * to pick them [the two other rocks of cocaine] up." Tr. at 298. If defendant were driving the truck, therefore, as he was at the time of the stop, he could not have had dominion or control over the drugs from his position in the driver's seat. An officer speculated, however, that a driver can also "possibly drop [the drugs] right where they were found."
 {¶ 10} From this testimony, the state further argues that defendant could have dropped the drugs there prior to the traffic stop. Defendant's passenger, on the other hand, just as easily could have "possibly" dropped the cocaine there without defendant knowing it was there. If the Duganitz test is applied, it does not appear more probable that defendant dropped the drugs there than that the passenger dropped them. The state's argument is too tenuous to convict defendant.
 {¶ 11} Similarly tenuous is the alternative that he could have known the drugs were there if he had left his seat and looked. No one testified seeing defendant leave his seat. Moreover, the event occurred at 9 PM on September 30th. Thus the inside of the truck, especially the deep well next to the transmission hump, would have been dark. Even if the evidence is construed in favor of the state, because the standard requires proof beyond a reasonable doubt, the state failed to meet its burden of proof that defendant had constructive possession of the drugs at the time of his arrest.
 {¶ 12} Because the evidence is not sufficient to prove that defendant had constructive possession of the cocaine, the remaining assignments of error are moot.[2]
The judgment is vacated.
TIMOTHY E. McMONAGLE, A.J., CONCURS; JAMES J. SWEENEY, J., DISSENTSWITH SEPARATE OPINION.
[1] Because the police car was not equipped with radar or other speed measuring devices, the police could not testify as to how fast the truck was going.
[2] The remaining assignments of error state: "II. The verdict was against the manifest weight of the evidence. III. The trial court plainly erred when it instructed the jury that it should find Mr. Mayer guilty if the jury found that Mr. Mayer was able to exercise control over his truck at the same time that he was consciously aware that there were drugs in his truck. IV. The trial court erred when it failed to suppress the evidence recovered during a traffic stop of Mr. Mayer's vehicle that was not based upon a reasonable suspicion of criminal activity. V. The failure to include the written jury instructions in the record deprived Mr. Mayer of his right to due process by impairing his right to an effective first appeal as of right. VI. Mr. Mayer was denied effective assistance of counsel in violation of the sixth and fourteenth amendments to the United States Constitution and Article I, Section 10, of the Ohio Constitution."