JOURNAL ENTRY and OPINION.
{¶ 1} Appellant challenges his conviction for possession of drugs, asserting that the evidence was insufficient and that his conviction contravened the manifest weight of the evidence, that his right to a fair trial was marred by prosecutorial misconduct, and that he was denied the effective assistance of counsel. We find the evidence was not sufficient to prove appellant possessed PCP. Therefore, we reverse and remand with instructions to dismiss.
 PROCEDURAL AND FACTUAL HISTORY {¶ 2} On April 22, 2002, appellant was indicted for possession of drugs, specifically, PCP, and possession of criminal tools. He entered a not guilty plea and the case proceeded to trial on September 23, 2002. The jury found appellant guilty of possession of drugs, but not guilty of possession of criminal tools. The court immediately sentenced appellant to 12 months' imprisonment.
 {¶ 3} At trial, the state presented the testimony of police officers Carlos Robles and Sean Dial and scientific examiner Erica Walker. Officer Robles testified that he had received training to identify various types of drugs, including PCP. He explained that PCP is an hallucinogen which is generally suspended in embalming fluid into which a cigarette is dipped. The embalming fluid evaporates, leaving the hallucinogen behind. The cigarette is then smoked. Officer Robles also indicated that the PCP solution can be inhaled or absorbed through the skin.
 {¶ 4} Officer Robles testified that on October 29, 2001 at approximately 7:15 p.m., he and his partner were patrolling in the area of East 116th Street and Benham. They saw a group of men gathered around a car which was illegally parked on the sidewalk on East 116th Street. Officers Robles and Dial approached and told the group to move on. Several other police cars were in the area.
 {¶ 5} Robles and Dial then walked around the corner onto Benham. As they passed a parked car, Officer Robles noticed the odor of PCP, which he said has a distinctive chemical smell. He shined his flashlight into the car, and saw an amber bottle in the hand of a male in the passenger seat, who was later identified as Willie Young. Young immediately leaned forward and threw his hand under the seat.
 {¶ 6} Robles and other police officers opened the car door and removed Young. Yet other police officers removed the person in the driver's seat, who Robles identified as appellant. Officer Robles found the amber bottle and some suspected crack cocaine under the passenger seat. Both Young and appellant were then arrested. Money was confiscated from them both.
 {¶ 7} Officer Dial confirmed Officer Robles' testimony. In addition, he said that an Officer Negron found a menthol cigarette which had been dipped in PCP at the curb next to the car. Officer Dial also indicated that appellant had money in his right hand when Officer Dial approached him and ordered him to show his hands. Appellant had $129 on his person at the time of his arrest, including seven ten-dollar bills, five five-dollar bills, and thirty-four one-dollar bills.
 {¶ 8} Scientific examiner Erica Walker testified that she tested the cigarette and the substance in the vial and found both contained PCP, also known as phencyclidine.
 {¶ 9} At the conclusion of the state's case, appellant's counsel moved for a directed verdict pursuant to Criminal Rule 29. The court overruled this motion. The jury found appellant guilty of possession of drugs, but not guilty of possession of criminal tools, and the court sentenced him to twelve months' imprisonment.
 LAW AND ANALYSIS {¶ 10} Appellant's motion to supplement the record has been referred to this panel for decision. Appellant seeks to add to the record in this case the indictment of Willie Young and journal entries of Young's arraignment and change of plea. These matters were never included in the proceedings below and therefore are not properly included in the record on appeal. See App.R. 9(A). Consequently, appellant's motion is denied.
 {¶ 11} Appellant argues that the evidence is insufficient as a matter of law to support his conviction. The indictment charged that appellant "did knowingly obtain, possess or use a controlled substance, to wit: PCP, a Schedule II drug, in an amount less than the bulk amount." Two items containing PCP were recovered from the scene: a vial and a cigarette. Appellant was not observed with either of these items in his actual possession. Therefore, the only theories available to the state are joint and constructive possession and use of the PCP.
 {¶ 12} Constructive possession is proved by showing that the defendant was able to exercise dominion and control over the contraband.State v. Trembly (2000), 137 Ohio App.3d 134, 141. "Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may constitute constructive possession." Id. Here, although the odor of PCP was present, there was no evidence that appellant had access to either the PCP-laced cigarette or the PCP in the vial. Young had the vial in his hand. The cigarette was on the ground outside the car, on the passenger side. See State v. Mayer, Cuyahoga App. No. 80168, 2003-Ohio-1, ¶¶ 8-10.
 {¶ 13} Nevertheless, "control or dominion may be achieved through the instrumentality of another." State v. Wolery (1976), 46 Ohio St.2d 316,332. Appellant was certainly aware of the presence of the PCP, given the strong odor at the scene, but this fact alone does not demonstrate that appellant and Young were acting together to acquire or use the PCP.[1]
Appellant's possession of thirty-four one-dollar bills, while unusual, also does not tend to show that it was more likely than not that appellant and Young were acting together.
 {¶ 14} Accordingly, we find that the evidence was not sufficient to prove that appellant had possession of or used the PCP. This conclusion renders moot appellant's remaining assignments of error. We reverse and remand with instructions to dismiss the charges against appellant.
Reversed and remanded.
PATRICIA A. BLACKMON, J. and DIANE KARPINSKI, J. concur.
[1] There is no evidence appellant knew what the odor was or that inhalation could have an hallucinogenic effect.