DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky Court of Common Pleas, which, following a jury trial, found appellant, Eric L. Edwards, guilty of the offense of possession of crack cocaine, a violation of R.C. 2925.11(A) and (C)(4)(d), a felony of the second degree. The jury determined that appellant was not guilty of a second charge, trafficking in drugs, specifically marijuana, a violation of R.C. 2925.03, a felony of the fifth degree.
 {¶ 2} For the guilty finding on the charge of possession of cocaine, the trial court imposed a sentence that included six years in prison, a mandatory $7,500 fine, and the suspension of appellant's driver's license for a period of three years. Appellant appeals his conviction and asserts the following assignments of error:
 {¶ 3} "The trial court committed error in failing to grant [sic] motion of appellant for acquittal pursuant to Crim.R. 29(A) following presentation of the state's evidence with regard to the charge of possession of cocaine, the state's evidence was insufficient to support a conviction."
 {¶ 4} "With regard to Count 2 of the indictment, the verdict of the court and conviction of appellant were against the manifest weight of the evidence."
 {¶ 5} The following facts, as adduced at appellant's trial, are pertinent to the resolution of his assignments of error.
 {¶ 6} On June 11, 2001, members of the Fremont Police Department executed a search warrant for the premises located at 414 Howland Street, Fremont, Sandusky County, Ohio. Upon entering the residence, Officer Lawrence D. Harkness, Jr., a member of the Tactical Team, observed appellant standing in the living room. After frisking appellant in a search for a possible weapon and handcuffing him, Officer Harkness stood nearby while other members of the team searched the premises. Officer Harkness testified that when another member of the team discovered what was later determined to be crack cocaine, appellant spontaneously stated that it was for personal use. In addition, Harkness heard appellant tell Detective Timothy J. Woolf: "I'm a user not a seller."
 {¶ 7} Detective Anthony S. Emrich, who inventoried the items found as a result of the search of the residence at 414 Howland Street, also participated in an interview of appellant at the police station. Detective Emrich stated that appellant was informed of his Miranda rights and waived those rights in writing. Appellant then told Detective Emrich and Detective Woolf that the crack cocaine found in the residence was for his personal use.
 {¶ 8} Detective Timothy Woolf, who obtained the search warrant and was lead officer during this investigation, also testified that after appellant waived his Miranda rights, he told the two detectives that the crack cocaine was for his personal use. When Detective Woolf noted that 12.48 grams of crack cocaine was a lot for a user, appellant replied "that he had smoked more than that in a day." Detective Woolf also testified as to various items of drug paraphernalia found in the residence at 414 Howland Street. These included an "Altoid" tin containing a razor blade and traces of crack cocaine and a digital scale "with remnants of crack cocaine on top of it." Photographs of these items were entered into evidence along with a letter, postmarked June 5, 2001, mailed to appellant at the 414 Howland Street address.
 {¶ 9} All three law enforcement officers indicated that appellant was the only person inside the house at 414 Howland Street at the time that the search warrant was executed.
 {¶ 10} In his first assignment of error, appellant contends that the trial court erred in failing to grant his motion for acquittal made pursuant to Crim.R. 29(A) at the close of all evidence. Appellant urges that insufficient evidence was offered to support his conviction for possession of cocaine.
 {¶ 11} A Crim.R. 29(A) motion for acquittal challenges the sufficiency of the evidence presented at trial. State v. Williams
(1996), 74 Ohio St.3d 569, 576. In determining a sufficiency of the evidence question, an appellate court must inquire as to "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v.Thompkins (1997), 78 Ohio St.3d 380, 386, citing State v. Robinson
(1955), 162 Ohio St. 486.
 {¶ 12} R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." "Possess" or "possession" is defined by R.C. 2925.01(K) as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 13} In the present case, appellant focuses on the fact that the state allegedly failed to prove that appellant owned or leased the premises at 414 Howland Street. Appellant also argues that the state failed to identify or present as witnesses any persons who were observed going to or departing from 414 Howland Street during a pre-search surveillance of the premises. Finally, appellant insists that the state failed to offer evidence of a link between appellant and the crack cocaine obtained as a result of the search of the house located at 414 Howland Street. We reject these arguments for the following reasons.
 {¶ 14} First, as can be seen from a reading of R.C. 2925.01(K), ownership or tenancy is but one factor in determining whether a criminal defendant had possession of a controlled substance. Next, appellant's second argument is irrelevant because none of the persons purportedly seen during a pre-search surveillance were present during the crucial period, that is, when the search of the house at 414 Howland Street was conducted. In fact, the evidence demonstrated that appellant was the only person in that house at the time of the search.
 {¶ 15} Third, the state did offer evidence showing that appellant had control over the crack cocaine found at those premises. Appellant was the only person located in close proximity to the crack cocaine and the drug paraphernalia containing traces of crack cocaine. This, in and of itself, was sufficient circumstantial evidence to establish that appellant had dominion and control over the contraband. See State v.Trembly (2000), 137 Ohio App.3d 134, 141 (Citations omitted.). Furthermore, and of greatest importance, is the fact that three police officers testified that they heard appellant admit that the crack cocaine seized at the premises was his for his own personal use. We therefore conclude that, after viewing the evidence in a light most favorable to the state, the jury could find that the essential elements of the crime of possession of a controlled substance was proven beyond a reasonable doubt. Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 16} In his second assignment of error, appellant asserts that his conviction is against the manifest weight of the evidence.
 {¶ 17} Our standard for the review of appellant's assertion requires us to act as a "thirteenth juror." State v. Thompkins (1997),78 Ohio St.3d at 388. Therefore, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the jury "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins, Id. at 387, quoting State v. Martin (1983) 20 Ohio App.3d 172, 175.
 {¶ 18} Based upon an examination of all of the evidence, as set forth above, offered at the trial of this matter, we find that the jury's conclusion that the crack cocaine entered into evidence at trial was that possessed by appellant at 414 Howland Street was not against the manifest weight of the evidence. Thus, appellant's second assignment of error is found not well-taken.
 {¶ 19} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.
Knepper, and Lanzinger, JJ., concur.