[Cite as *State v. Cannada*, 2012-Ohio-3460.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97721**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTONIO C. CANNADA

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-554818

**BEFORE:** Cooney, J., Blackmon, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 2, 2012

**ATTORNEY FOR APPELLANT**

Patrick E. Talty
20325 Center Ridge Road
Suite 512
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Denise J. Salerno
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶1} Defendant-appellant, Antonio Cannada ("Cannada"), appeals his convictions for drug possession and possession of criminal tools. We find no merit to the appeal and affirm.

{¶2} Cannada was charged with two counts of drug possession and one count of possession of criminal tools. The State asserted Cannada constructively possessed heroin and criminal tools because he was not present when police found them pursuant to a search of his residence. At a bench trial, the parties stipulated that Cannada lived at 2149 West 105th Street, Apartment 3, in Cleveland, Ohio. Several days prior to the execution of a search warrant, two confidential informants notified police that a male known as "Muscles" was selling drugs out of his residence. Detectives conducted surveillance on the residence and sent an informant there to make a controlled "buy."

{¶3} Lt. Louis Pipoly ("Pipoly") testified that when he and other detectives coordinated the "buy," they knew that Muscles drove an older model maroon Honda Accord, and they waited for him to arrive. Two men eventually arrived at the address on West 105th Street in a vehicle matching the description. Detectives observed the informant enter the building with the men and exit moments later with a small amount of crack cocaine. Pipoly testified that the cocaine was wrapped in a yellow paper "more

commonly used to package heroin." Detectives submitted the cocaine for laboratory analysis and it tested positive. Based on this evidence, police obtained a warrant to search the residence.

{¶4} Detectives conducted a systematic search of the apartment. In the bedroom, Pipoly and Detective Robert Klomfas ("Klomfas") found a package of heroin wrapped in the same type of yellow paper as the cocaine obtained in the controlled buy. In the same room, the detectives found a digital scale, packaging material, and two "release cards" on top of a dresser. The cards, which were issued from the Ohio Department of Rehabilitation and Correction, contained Cannada's photo, name, date of birth, and social security number. Detective Klomfas testified that the photo on the cards matched the male he had seen exit the Honda Accord on the day of the controlled buy.

{¶5} Detective John Pitts ("Pitts"), who participated in the search, testified that the apartment had only two bedrooms. It appeared to Pitts that Cannada used the second bedroom as a storage room because there were several garbage bags packed with clothing, toys, and household effects in that room. Detective Pitts testified that he searched the police computer database and found that Cannada was the only name associated with the alias "Muscles."

{¶6} At the close of the State's case, Cannada moved for acquittal pursuant to Crim.R. 29. The trial court denied the motion and found Cannada guilty on all counts, including all forfeiture specifications, and sentenced him to one year in prison. This appeal followed.

**{¶7}** In his sole assignment of error, Cannada argues there was insufficient evidence to support his convictions. He contends the evidence presented was not sufficient to show that he had constructive possession of the drugs and criminal tools. We disagree.

**{¶8}** Crim.R. 29(A) provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. No. 92266, 2009-Ohio-3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 942 (1991), paragraph two of the syllabus.

**{¶9}** Cannada was found guilty of drug possession in violation of R.C. 2925.11(A), which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Although a person possesses an object when he has control over it, possession "may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Nevertheless, possession may be either actual or constructive. *State v. Haynes*, 25 Ohio St.2d 264, 269-270, 267 N.E.2d 787 (1971). Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's

immediate physical possession. *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982), syllabus.

{¶10} Constructive possession may be proven entirely through circumstantial evidence. *Haynes*; *State v. Trembly*, 137 Ohio App.3d 134, 738 N.E.2d 93 (8th Dist.2000). "'[C]ircumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶ 75, quoting *State v. Heinish*, 50 Ohio St.3d 231, 238, 553 N.E.2d 1026 (1990). Circumstantial evidence carries the same weight as direct evidence. *Jenks* at syllabus. Circumstantial evidence is proof of facts or circumstances by direct evidence from which the trier of fact may reasonably infer other related or connected facts that naturally or logically follow. *State v. Beynum*, 8th Dist. No. 69206, 1996 WL 273777 (May 23, 1996).

{¶11} From the evidence presented at trial, it can be inferred that Cannada possessed the drugs and criminal tools found in his apartment. Prior to the start of trial, he stipulated that he lived in the apartment where the drugs were found. Pipoly testified that he received information from two informants on two separate occasions that a man known as "Muscles" was selling drugs out of his home at that address. Detective Pitts testified that Cannada was the only person in their database with the alias "Muscles."

{¶12} Police obtained a search warrant for Cannada's apartment after completing a controlled purchase of drugs from the apartment with a confidential informant. During the search of the apartment, detectives found a package of heroin, a digital scale,

packaging material, and Cannada's two release cards in the bedroom. The only other bedroom was apparently being used as a storage room. Detective Klomfas testified that the person depicted in the release cards was the same person he observed arrive at the house moments before the confidential informant purchased cocaine inside the apartment.

{¶13} Counts 1 and 2 both alleged drug possession. Count 1 alleged less than 10 unit doses, and Count 2 alleged less than one gram. The parties stipulated to the lab report, which confirmed that the packaged substance was heroin. The heroin, digital scale, and packaging material were found in Cannada's bedroom. They were not found in public areas of the apartment such as the living room or kitchen.

{¶14} Viewing this evidence in a light most favorable to the prosecution, we find sufficient evidence was presented to support Cannada's convictions for drug possession and possession of criminal tools.

{¶15} Accordingly, the sole assignment of error is overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
KENNETH A. ROCCO, J., CONCUR