OPINION JUDGMENT ENTRY
{¶ 1} Appellant Nayyohn Johnson appeals from his felony conviction in the Court of Common Pleas, Richland County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On the afternoon of January 14, 2003, Melandie Collins, appellant's then-girlfriend, called for police assistance in removing appellant from her residence on Parkway Drive in Mansfield. At that time, an active warrant already existed for appellant concerning a felony domestic violence charge. Police officers, after obtaining consent to search from Collins, entered the home and arrested appellant without resistance. The officers then conducted a brief search of the premises, at which time they discovered six small baggies containing cocaine in the attic area.
 {¶ 3} In March 2003, appellant was indicted by the Richland County Grand Jury on one count of cocaine possession, R.C.2925.11(A). Appellant pled not guilty, and the matter proceeded to a jury trial commencing on November 17, 2003. Following the presentation of the evidence, the jury rendered a verdict of guilty. On November 25, 2003, appellant was sentenced to four years in prison.
 {¶ 4} On December 23, 2003, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:
 {¶ 5} "I. The trial court committed error by responding in writing to a jury question without placing the matter on the record and in the absence of appellant, appellant's counsel and appellee's counsel.
 {¶ 6} "II. The trial court committed error by permitting the appellee to use a witness not disclosed pursuant to criminal rule 16.
 {¶ 7} "III. The jury's verdict is against the manifest weight of evidence and contrary to law."
 I. {¶ 8} In his First Assignment of Error, appellant contends the court committed reversible error by responding to a juror's question in writing, without notifying appellant or either counsel. We disagree.
 {¶ 9} During deliberation, a juror submitted the following question to the judge: "If the marijuana was in plain site (sic) of the police — does that legally give the police the right to search the rest of the house for cause?" Appellant asserts that the judge's response was given to the jurors before they went home for the evening, while still in the midst of deliberation, on November 18, 2003. The judge wrote the following answer:
 {¶ 10} "You are not to be concerned in the validity of the search. You must determine upon the evidence and the law whether the defendant in Richland County, Ohio, on or about the 14th of January, 2003, knowingly possessed between 100 and 500 grams of cocaine, a Schedule II controlled substance."
 {¶ 11} In City of Newark v. Hudson (Dec. 18, 1995), Licking App. No. 95CA00047, we noted that it is a fundamental right of an accused to be present at every stage of the proceedings against him (see, e.g., Lewis v. United States (1892), 146 U.S. 370), and that questions posed to the trial court by a deliberating jury are included in this fundamental right. Assuming, arguendo, appellant was not present at the moment the judge's answer was presented to the jurors, we must nonetheless determine if such error was prejudicial. Hudson, supra.
 {¶ 12} In this case the judge advised appellant and his counsel of his intention to tell the jury, in a non-substantive manner, that the legal issue of the police search was outside of the scope of their deliberations. See Tr. at 290-291. "Undoubtedly, questions of fact are within the function of a jury." Urban Industries of Ohio, Inc. v. Tectum, Inc. (1992),81 Ohio App.3d 768, 774. Likewise, it is a fundamental tenet of our jury trial system that the judge decides questions of law.Gallagher v. Cleveland Browns Football Co. (1996),74 Ohio St.3d 427, 436. Accordingly, we are unpersuaded that the judge's actions in this case concerning the single juror question resulted in prejudicial error.
 {¶ 13} Appellant's First Assignment of Error is overruled.
 II. {¶ 14} In his Second Assignment of Error, appellant contends the court erred in permitting the State to call as a witness a police detective who was not on the prosecution witness list. We disagree.
 {¶ 15} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 180, 510 N.E.2d 343. Likewise, the trial court has discretion to determine what sanction is appropriate when the State fails to disclose discoverable material. State v. Wiles
(1991), 59 Ohio St.3d 71, 78. Generally, our task is to look at the totality of the circumstances in the particular case under appeal, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing or excluding the disputed evidence. State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027.
 {¶ 16} Crim.R. 16(B)(1)(e) states in pertinent part: "Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney." In the case sub judice, appellant claims that Detective Burks, who testified concerning a stolen gun which police found in the Collins house, was a surprise witness, which should have resulted in a sanction by forbidding Burks to testify or by allowing a continuance. However, the transcript reveals the State's first witness, Officer Ken Carroll, had at that point already testified without objection concerning the detection of the stolen gun. See Tr. at 40-41. As such, we find Burks' testimony to be corroborative of other in-court testimony about the gun, and the admission thereof did not constitute prejudicial error. Cf., e.g., State v.Symsick (April 10, 1991), Richland App. No. CA-2792.
 {¶ 17} Accordingly, appellant's Second Assignment of Error is overruled.
 III. {¶ 18} In his Third Assignment of Error, appellant contends his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 19} In considering an appeal concerning the manifest weight of the evidence, our standard is as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. See also, State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175,485 N.E.2d 717.
 {¶ 20} There is no dispute that appellant was inside the Collins home on January 14, 2003. The officers' testimony indicates appellant was there alone when they arrived. When they announced their presence, the officers heard a great deal of scuffling and footsteps in the house. Appellant was apprehended near the front door, after the officers entered from the side. The officers noticed a strong burnt marihuana smell in the house. There was a Crown Royal bag in the living room, tied up with rubber bands and containing approximately $400 in cash. Police also found marihuana, an electronic scale and the aforementioned stolen gun. Furthermore, during her testimony, Collins denied the cocaine in the attic belonged to her (Tr. at 232), which the jury apparently found to be credible. We are mindful that to establish constructive possession of illegal drugs, the evidence must prove that the defendant was able to exercise dominion and control over the contraband State v. Wolery (1976), 46 Ohio St.2d 316, 332,348 N.E.2d 351. Dominion and control may be proven by circumstantial evidence alone. State v. Trembly (2000),137 Ohio App.3d 134, 738 N.E.2d 93. Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may show constructive possession. State v. Barr (1993),86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247-248.
 {¶ 21} Having reviewed the record in the case of sub judice, we are unpersuaded by appellant's contention that the jury's verdict led to a manifest miscarriage of justice. As we have often emphasized, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses.State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. The jury's verdict was not against the manifest weight of the evidence.
 {¶ 22} Appellant's Third Assignment of Error is therefore overruled.
 {¶ 23} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Wise, J, Gwin, P.J., and Edwards, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs to appellant.