OPINION JUDGMENT ENTRY
{¶ 1} Defendant appellant Paulette Cobb appeals from her convictions and sentences in the Stark County Court of Common Pleas on one count of trafficking in cocaine a felony of the fifth degree in violation of R.C. 2925.03; one count of possession of cocaine, a felony of the fifth degree in violation of R.C. 2925.11; and one count of possession of marijuana, a minor misdemeanor in violation of R.C. 2925.11. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On April 4, 2003, the North Canton Police Department was investigating suspected drug activity at 1690 South Main Street, North Canton, Ohio, a residence owned by the appellant. Police were suspicious that foot traffic in the area was indicative of drug trafficking. During the surveillance of the residence, a man named Scott Perduk was observed arriving at the appellant's residence, staying for a short time and then leaving.
 {¶ 3} Detective Manse of the North Canton Police Department learned that Mr. Perduk had an outstanding warrant and stopped him for a traffic violation as he was leaving a meeting with the appellant in the parking lot of a local discount store. As a result of the traffic stop, Mr. Perduk agreed to become a confidential informant. Mr. Perduk told the officers that he had been purchasing cocaine and marijuana from the appellant. He then agreed to buy cocaine at the home of appellant at 1630 North Main, North Canton, Ohio.
 {¶ 4} Using his cell phone, Mr. Perduk telephoned appellant's residence from the garage in the North Canton Police Station. He arranged to purchase cocaine during this telephone call. Mr. Perduk was given $180 in currency in $20 increments which had been previously photocopied by the police in order to facilitate the purchase. He was outfitted with the micro-cassette recorder and drove his car to the appellant's residence. Mr. Perduk was followed by the police vice unit.
 {¶ 5} Mr. Perduk purchased drugs with the $180 and returned to the North Canton Police Station with 2.51 grams of cocaine. He was then arrested and taken to the Stark County Jail on an outstanding warrant.
 {¶ 6} As a result of the cocaine buy, a "no knock" search warrant was obtained by the police officers. The appellant's home was raided. Detective Manse rammed the front door and two officers went upstairs to the second floor. In the second floor front bedroom, the police found Jeff Roberson. Appellant was found barricaded in the bathroom. After ramming the bathroom door to gain entry, appellant was removed and arrested. A black zippered pouch and $660 in currency were found underneath the bathroom sink. A baggy of cocaine was also found in the vanity. Testing by the Stark County Crime Laboratory revealed traces of cocaine on the money in the black bag. Marijuana was found floating in the toilet and in the bathtub of the bathroom occupied by the appellant. The police also found $160 of the money given to Mr. Perduk by the police for the drug buy in the bathroom occupied by appellant.
 {¶ 7} The police searched the remainder of appellant's house. In another bedroom, the police found the personal belongings of appellant including her purse, clothes, makeup, perfume, and "women things". In the night stand they also found marijuana rolled up in a newspaper and wad of duct tape which contained traces of cocaine.
 {¶ 8} No drugs or drug paraphernalia were found in the bedroom occupied by Jeff Roberson. A small scale was found in the kitchen which could be used to weigh small amounts of drugs.
 {¶ 9} Mr. Perduk testified at trial. During the course of direct examination, the State moved to have Mr. Perduk declared a hostile witness because he changed his testimony from that given at Grand Jury. The court sustained the prosecutor's motion. Mr. Perduk indicated the appellant had sold him cocaine a few times. At trial he claimed he did not speak to the appellant during the telephone call from the North Canton Police Department, but spoke to a man who he believed was her boyfriend. Mr. Perduk claimed he was not certain who was going to sell him drugs, he was just going to stop by to see if he could get some. He claimed he could not recall whether he handed money to the appellant or laid the money down. He further claimed that he was drunk and high when the police stopped him and ask him to become a confidential informant. He claimed he could not remember whether the appellant handed him drugs or took the money. His only recollection of the appellant was that she was busy cooking dinner.
 {¶ 10} A jury found the appellant guilty of the charges set forth in the indictment. The trial court deferred sentencing and ordered a pre-sentence investigation report.
 {¶ 11} At the sentencing hearing, the appellant was sentenced to three years of community control sanctions with a six-month driver's license suspension. She was further ordered to complete the program at the Stark Regional CommunityCorrections Center.
 {¶ 12} Appellant timely appealed and herein raises the following two assignments of error for our consideration:
 {¶ 13} "I. The Appellant's conviction was against the manifest weight of the evidence.
 {¶ 14} "II. The appellant was denied a fair trial due to prosecutorial misconduct."
 I. {¶ 15} Appellant in her first assignment of error claims her conviction was against the manifest weight of the evidence. We disagree.
 {¶ 16} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380.
 {¶ 17} The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 18} R.C. 2925.11 provides, in relevant part, as follows: "(A). No person shall knowingly obtain, possess, or use a controlled substance." In order to be convicted, the jury had to find that appellant knowingly possessed the illegal drugs. The culpable mental state of "knowingly" is defined as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 19} Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." State v. Huff (2001), 145 Ohio App.3d 555, 563,763 N.E.2d 695. (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." State v. McDaniel (May 1, 1998), Montgomery App. No. 16221, (citing State v. Elliott
(1995), 104 Ohio App.3d 812, 663 N.E.2d 412).
 {¶ 20} R.C. 2925.01(K) defines possession as follows: "`Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession may be actual or constructive. State v. Haynes (1971),25 Ohio St.2d 264, 267 N.E.2d 787; State v. Hankerson (1982),70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband State v.Wolery (1976), 46 Ohio St.2d 316, 332, 348 N.E.2d 351. Dominion and control may be proven by circumstantial evidence alone.State v. Trembly, 137 Ohio App.3d 134, 738 N.E.2d 93. Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may show constructive possession. State v. Barr (1993), 86 Ohio App.3d 227, 235,620 N.E.2d 242, 247-248.
 {¶ 21} When the officers entered the appellant's home pursuant to the search warrant, the appellant was barricaded in the second floor bathroom. (T. at 132). After removing appellant from the bathroom, the officers found a black zipper pouch and $600.00 in currency underneath the bathroom sink. (Id. at 133). The police also recovered a baggie containing .12 grams of cocaine from underneath the vanity set in the bathroom. (Id. at 112; 136). Marijuana was found inside the bathtub. (Id. at 135). Additional marijuana was taken from a bedroom where appellant's personal belongings were found. (Id. at 135-37). There were no male belongings located in the bedroom. (Id. at 137).
 {¶ 22} Based on the foregoing, we find that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that appellant knowingly possessed the marijuana located in the bathroom and the bedroom and the cocaine found in her bathroom immediately after she was removed form said room by the police. From the evidence adduced at trial, the jury could have found that appellant was located in very close proximity to the marijuana and the cocaine so as to be able to exercise dominion or control over the same.
 {¶ 23} Accordingly, appellant's convictions for possession of cocaine and possession of marijuana were not against the weight of the evidence.
 {¶ 24} Appellant further challenges her conviction for trafficking in cocaine. Appellant essentially argues that because the informant testified at trial he "couldn't recall" who sold him the drugs; the jury lost its way in convicting appellant. We disagree.
 {¶ 25} R.C. 2925.03(A) (1) states that no person shall knowingly sell or offer to sell a controlled substance, to wit, cocaine.
 {¶ 26} Although the appellee claims the "buy" money was found in the appellant's bedroom, the testimony at trial reveals that the "buy" money was located in the bathroom.(1T. at 160; 166).
 {¶ 27} In addition to the evidence set forth above, the confidential informant testified that he purchased cocaine from appellant. (1T. at 187). Although the informant equivocated on cross examination, the jury was free to accept or reject any and all of the witnesses' testimony and assess the witnesses' credibility. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. State v. Jenks (1991), 61 Ohio St. 3d 259,574 N.E. 2d 492.
 {¶ 28} Upon review, we find that the jury did not lose its way when it weighed the evidence, determined the credibility of the witnesses and determined any conflicts in the evidence. Accordingly, appellant's first assignment of error is overruled.
 II. {¶ 29} In the second assignment of error, appellant argues that she was denied her right to a fair trial by the Prosecutor's misconduct when the prosecutor deliberately referred to or elicited testimony concerning dealings that appellant was involved in with the confidential informant prior to the instant charges being brought. (1T. at 5-6). We find that even if the Prosecutor's actions were misconduct, appellant was not denied a fair trial.
 {¶ 30} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990),51 Ohio St.3d 160, 165, 555 N.E.2d 293. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Dardenv. Wainwright (1986), 477 U.S. 168, 106 S.Ct. 2464,91 L.Ed.2d 144.
 {¶ 31} On the first day of trial, the trial court overruled appellant's pretrial motion to exclude any evidence regarding any other drug transactions with the confidential informant for which appellant was not charged. (1T. at 7-8). The court stated: "All right. The motion is overruled. The Court will allow it in for limited purposes and identification, absence of mistake, prior pattern of conduct. But will more likely give a limiting instruction with the jury that would indicate that it isn't admitted to show her character, that she acted in conformity with that character, but I will wait to see what the testimony is and, of course, I'm overruling your motion in limine. Doesn't mean you don't have a right to object at the time depending on the foundation and then I will make a ruling, but as a preliminary matter, I'm not going to grant your motion . . ." (Id. at 8).
 {¶ 32} The testimony objected to on this appeal consist of one instance where the prosecutor elicited testimony that a prior drug buy was made at appellant's residence in January and two instances where testimony was elicited that the confidential informant met the appellant prior to the transaction at issue in order to pay appellant for drugs the confidential informant had previously purchased. (Id. at 222; 236). The trial court sustained appellant's objections and ordered the jury to disregard the evidence. (Id.).
 {¶ 33} In light of the trial court's ruling on the motion in limine we cannot say that it was misconduct for the prosecutor to ask the questions. Even if it were, the questions and answers did not affect a substantial right of the appellant.
 {¶ 34} The confidential informant testified at trial, without objection, that he had purchased drugs from appellant in the past. (Id. at 180; 185). Further, appellant does not challenge those questions and answers on appeal. When the challenged questions are reviewed in light of the unchallenged questions asked and answered by the Prosecutor, it is clear that appellant was not prejudiced by the three questions challenged on appeal. As such, we find that appellant has failed to demonstrate she is entitled to relief for prosecutorial misconduct.
 {¶ 35} Appellant's second assignment of error is overruled.
 {¶ 36} For the foregoing reasons the judgment of the Stark County Court of Common Pleas is hereby affirmed.
Gwin, P.J., Wise, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is hereby affirmed. Costs to appellant.