{¶ 32} I must respectfully dissent. For the purposes of granting or denying a Crim. R. 29 motion for acquittal, all evidence must be viewed in a light most favorable to the prosecution.[1] In this matter, that includes the evidence that appellant and her boyfriend/co-defendant lived in a house that clearly had all the ingredients necessary to manufacture methamphetamines, including: ammonia, lithium batteries, propane tanks, police scanners, gas masks, and a TV monitoring system pointed at the front door. When the house was searched, over the objection of appellant, the police even found forty-six grams of the finished product.
 {¶ 33} Appellant stresses that no evidence was introduced that directly tied her to the illegal drugs found in the house that she shared with her co-defendant. This argument misses the point. When the police arrived, it was appellant who denied them access to the front door. Therefore, through the use of a front door, she clearly demonstrated dominion and control over the drug factory that she also called home. You cannot have it both ways. It either is your home, in which case you clearly have the legal right to assert it cannot be searched; or it is not your home, and the contents belong to a stranger.
 {¶ 34} As stated by this court in State v. Sanders, "[t]o establish constructive possession, the evidence must prove that appellant was able to exercise dominion and control over the contraband."[2] For the purposes of deciding whether there was sufficient evidence to survive a motion for acquittal, it is patently clear that once appellant established her residence in a methamphetamine lab and, then, denied the police entrance without a search warrant, she began exercising dominion and control over the methamphetamine lab and its contents.
 {¶ 35} As stated by the Fifth District Court of Appeals:
 {¶ 36} "R.C. 2925.01(K) defines possession as follows: `"Possess" or "possession" means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.' Possession may be actual or constructive.[3] To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband.[4] Dominion and control may be proven by circumstantial evidence alone.[5]
Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may show constructive possession."[6],[7]
 {¶ 37} The state produced sufficient evidence to establish possession, and the jury properly weighed the evidence when they returned a guilty verdict. The judgment of the trial court should be affirmed.
[1] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307.
[2] State v. Sanders, 11th Dist. No. 2003-P-0072, 2004-Ohio-5629, at ¶ 41, citing State v. Wolery (1976), 46 Ohio St.2d 316, 332.
[3] State v. Haynes (1971), 25 Ohio St.2d 264; State v. Hankerson
(1982), 70 Ohio St.2d 87, syllabus.
[4] State v. Wolery, 46 Ohio St.2d at 332.
[5] State v. Trembly (2000), 137 Ohio App.3d 134.
[6] State v. Barr (1993), 86 Ohio App.3d 227, 235.
[7] State v. Cobb, 5th Dist. No. 2003-CA-00412, 2004-Ohio-4944, at ¶ 20.