JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Tina Jones, appeals her conviction in the common pleas court following a jury trial. After reviewing the record and the arguments of the parties, we affirm.
 {¶ 2} On July 14, 2004, appellant was arrested in Mayfield Heights, Ohio. The arrest arose from an altercation between appellant and a police officer after a traffic stop. On August 30, 2004, appellant was indicted by the Cuyahoga County Grand Jury on the charge of assault on a peace officer, in violation of R.C. 2903.13, a felony of the fourth degree.
 {¶ 3} On February 14, 2005, a jury trial commenced, and the following day, the jury returned a verdict of guilty as charged. A presentence investigation was conducted, and on March 15, 2005, appellant was sentenced to one year of community control. Appellant now appeals her conviction asserting a single assignment of error:
 {¶ 4} "I. Ms. Jones has been deprived of her liberty without due process of law because her conviction is not supported by sufficient evidence to prove her guilt beyond a reasonable doubt."
 {¶ 5} A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982),457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed. 2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed. 2d 560. However, a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case. State v. Trembly (2000),137 Ohio App.3d 134, 139, citing Cohen v. Lamko (1984), 10 Ohio St.3d 167,462 N.E.2d 407. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443, U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560, followed.)" State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph 2 of the syllabus. See, also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.
 {¶ 6} Appellant was convicted of assault on a peace officer, in violation of R.C. 2903.13, which reads:
 {¶ 7} "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."
 {¶ 8} Appellant specifically argues the state failed to present sufficient evidence to prove the element of "knowingly" in this case. We disagree.
 {¶ 9} According to the record, Mayfield Heights Police Officer Mytrosevich observed that the appellant's vehicle door lock was punched out, indicating that the vehicle might be stolen, and he initiated a traffic stop. The officer checked the information on the vehicle's license plate and discovered that the owner of the vehicle had an active warrant for her arrest and was driving under suspension. Once the officer confirmed appellant's active warrant, the arrest commenced with the assistance of a second officer, Officer Szep. The majority of the events were also recorded by an on-board video camera, which was in the officer's patrol car.
 {¶ 10} The events surrounding the arrest were in dispute at trial. The state presented its evidence consisting of testimony from the two arresting officers as well as the video from the on-board camera. According to the officers, appellant became belligerent once they attempted to handcuff her. At some point, appellant attempted to break away from the officers, and Officer Mytrosevich grabbed her handcuffs to prevent her from fleeing. The two became entangled, and both appellant and Officer Mytrosevich fell into the patrol car, with appellant on her back. As the officer was attempting to get out of the car, appellant tried to kick him in the head. The state presented further evidence that the kick was so hard that the officer felt a breeze, and that appellant began yelling and shouting profanities.
 {¶ 11} Appellant argues that she never had any intent to kick the officer in the head. Her contention was that she was merely swinging her legs in an attempt to sit up. She claims that for this reason, there is insufficient evidence to sustain her conviction. The jury heard all the evidence presented at trial and found the state's case more credible than the appellant's. We will not reverse that determination.
 {¶ 12} The weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230. Hence, we must accord due deference to those determinations made by the trier of fact. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v.Eley (1978), 56 Ohio St.2d 169.
 {¶ 13} The evidence in this case, viewed in a light most favorable to the prosecution, establishes every element of assault, and a rational trier of fact could have found the appellant guilty beyond a reasonable doubt. Thus the conviction was supported by sufficient evidence, and appellant's sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and McMonagle, J., concur.